IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH PIERCE, et al. | : | |
| Plaintiffs, | : | CIVIL ACTION NO. |
| | : | |
| v. | : | |
| | : | 22-cv-00183-RAL |
| | : | |
| TRAVELERS INSURANCE COMPANY, et al. | : | |
| Defendants. | : | |

**<u>MEMORANDUM OPINION</u>**

**Richard A. Lloret**                                                                                **March 31, 2023**
**United States Magistrate Judge**

**FACTS AND PROCEDURAL HISTORY**

Plaintiffs, Joseph Pierce and Jackalyn Pierce, filed a complaint against Defendants, Travelers Property Casualty Company of America ("Travelers"), alleging breach of contract (count one) and loss of consortium (count two). Doc. No. 1, Ex. G. Joseph Pierce claims he was injured in an accident that occurred on August 23, 2013 in Bridgeport, Pennsylvania, while he was driving his employer's vehicle. Doc. No. 1, Ex. G, at ¶¶ 5, 6, 7, 9. Mr. Pierce was driving in the scope of his employment with American Water Works Company, Inc. ("American Water") at the time of the accident. *Id.* at ¶¶ 6-7. Pierce made a claim for underinsured motorist ("UIM") benefits under his employer's insurance policy with Travelers (the "Travelers' Policy"). *Id.* at ¶ 13. Travelers denied Mr. Pierce's UIM claim because American Water rejected UIM coverage for Pennsylvania. *Id.* at ¶¶ 21, 24. Mr. Pierce contends that the UIM rejection form is invalid. *Id.* at ¶¶ 24-26, 33. Defendants have moved for summary judgment under Fed. R. Civ. Pro. 56. Doc. No. 19. The Pierces have responded, Travelers has replied, and I

2

permitted an additional reply by Plaintiffs. Doc. Nos. 25-28. I heard oral argument on January 5, 2023.

## SUMMARY JUDGMENT STANDARDS

To decide a motion for summary judgment, I must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Only facts that may affect the outcome are "material." *Id.* at 248. All reasonable inferences from the record are drawn in favor of the non-moving party. *Id.* at 256. The movant has the initial burden of demonstrating the absence of genuine issues of material fact, while the non-movant must then establish the existence of each element on which it bears the burden of proof. *J.F. Feeser, Inc. v. Serve-A-Portion, Inc.*, 909 F. 2d 1524, 1531 (3d Cir. 1990) (citations omitted).

## DISCUSSION

Both counts of the complaint are based on the allegation that Travelers improperly denied Joseph Pierce's claim for UIM benefits under the Travelers' Policy, the operative contract between the parties. To establish breach of contract (count one), Joseph Pierce must show, by a preponderance of the evidence, "there was a contract, the defendant breached it, and plaintiffs suffered damages from the breach." *McShea v. City of Philadelphia*, 995 A.2d 334, 340 (Pa. 2010);[1] *Albert v. Erie Ins. Exchange*, 65 A.3d

---

[1] Neither party addressed the choice of law question; both assume that Pennsylvania law applies. The assumption seems logical, where plaintiff resides in Pennsylvania and the accident happened in Pennsylvania, although the first named insured, American Water, is situated in New Jersey. *See, e.g., Amica Mut. Ins. Co. v. Fogel*, 656 F.3d 167, 175 (3d Cir. 2011) (principal location of the risk where the insured lived and where the accident happened). In any event, even if a close analysis would yield a different result, the issue is forfeited because it was not raised by the parties. *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 317 (3d Cir. 2014).

3

923, 928 (Pa. Super. Ct. 2013) (plaintiff must show the essential terms of the agreement) (quoting *McShea*, 995 A.2d 334); *Williams v. Nationwide Mut. Ins. Co.*, 750 A.2d 881, 884 (Pa. Super. Ct. 2000) (plaintiff must show breach of duty).

Jackalyn Pierce's loss of consortium claim (count two) is at best derivative of her husband's breach of contract claim: if the breach of contract claim fails, the loss of consortium claim fails as well. *See Pastin v. Allstate Insurance Company*, No. 2:17-cv-1503, 2018 WL 10229728, at *4 (W.D. Pa. 2018). I say the claim is derivative "at best" because I am not sure it is quite right to hold that under Pennsylvania law a loss of consortium may be remedied as part of a breach of contract claim, as *Pastin* suggests. *Id.* Typically a loss of consortium is remediable in tort, but not in contract. *Sant v. Branding Brand, Inc.*, No. 672 WDA 2015, 2016 WL 5377939, at *4 (Pa. Super. Ct. 2016) (there is no loss of consortium remedy in a contract case). Perhaps it is better to say, more narrowly, that a loss of consortium claim is recoverable in a UIM suit, if the underlying tort damages are recoverable. Whatever the characterization, Mrs. Pierce's loss of consortium claim clearly is derivative of and dependent upon her husband's claim.

Pennsylvania's Motor Vehicle Financial Responsibility Law ("MVFRL") provides that, while uninsured and underinsured motorist coverage must be offered by an insurer, "[p]urchase of uninsured motorist and underinsured motorist coverages is optional." 75 Pa. C.S.A. § 1731(a). The statute goes on to state:

> The named insured shall be informed that he may reject underinsured motorist coverage by signing the following written rejection form: REJECTION OF UNDERINSURED MOTORIST PROTECTION By signing this waiver I am rejecting underinsured motorist coverage under this policy, for myself and all relatives residing in my household. Underinsured coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have enough insurance to pay

> for all losses and damages. I knowingly and voluntarily reject this coverage. Signature of First Named Insured Date

*Id.* at § 1731(c).

"If the insurer fails to produce a valid rejection form, uninsured or underinsured coverage, or both, as the case may be, under that policy shall be equal to the bodily injury liability limits." § 1731(c.1). If the named insured - in this case, American Water - signs a UIM rejection form that contains the language described in § 1731(c), UIM coverage is rejected. Mr. Pierce argues that the rejection form produced by Travelers is invalid, so he is entitled to UIM benefits equal to the bodily injury limits, which are hefty. Doc. No. 25-1 ("Pl. Br."), at 4-5.

Plaintiffs argue that the UIM rejection form (the "Rejection Form") is invalid because it does not list the policy number or name of the insured. Pl. Br. at 5. There is nothing in Section 1731 that requires the Rejection Form to list this information. There is no genuine dispute that this is the correct policy. Travelers' Rejection Form is page 6 of 7 of the Supplemental Commercial Automobile Application for Pennsylvania. Appendix[2] 714-720. The first page of that seven-page packet includes the Travelers emblem at the top, left-hand corner, and states: "To be completed and signed by Named Insured." A. 714. It lists "AMERICAN WATER WORKS COMPANY, INC." and its Voorhees, N.J. address. *Id.* Thus, the Rejection Form clearly applies to American Water's Travelers Policy.

The Rejection Form signed by American Water prior to the date of the accident complies with the requirements of Section 1731(c) and (c.1). A. 619, 719 (the Rejection

---

[2] Appendix ("A.") references are to the appendix numbers for exhibits submitted with Defendant's brief, at Doc. No. 19-3 through 21.

5

Form appears twice in Defendant's exhibits). It contains language identical to the language of 1731(c). It is on a separate form from the uninsured motorist (UM) rejection form, and it is printed in prominent type and location on the page. It is signed and dated 10/5/2012. *Id.*

In the plain language of Section 1731(c.1), the UIM limits are equal to the bodily injury liability limits "[i]f the insurer fails to produce a valid rejection form." Travelers has produced a valid rejection form. The Travelers' Policy does not otherwise state that it provides UIM benefits for Pennsylvania. Nor does the Travelers' Policy include a Pennsylvania UIM endorsement. Nowhere does Joseph Pierce identify a contractual undertaking to provide UIM benefits.

Plaintiffs argue that the defendants have not properly authenticated the Rejection Form. Pl. Br. at 8. They are wrong for two reasons. First, the Pennsylvania Superior Court has addressed the burden of proof faced by a party who disputes a signature on a rejection form:

> [W]here a signature appears on the UIM rejection form purporting to be that of the first named insured, the insurer has complied with the statute resulting in a facially valid rejection form. The burden would then shift to the insured to prove that his or her signature was affixed to the rejection form without knowledge or authorization . . . The insurer is not required to launch an investigation every time it receives a UIM rejection form bearing the apparent signature of the first named insured, purporting to waive coverage.

*Toth v. Donegal Companies*, 964 A.2d 413, 417, 419 (Pa. Super. Ct. 2009). Under Pennsylvania law, the burden of production is on the insurer to produce a signed rejection form in the required format. If the insured disputes the validity of the signature, the burden of proof is on the insured to establish that the form was not signed by the proper party, or with the proper authorization or intent. Here, the insurer met its burden of production and the insured failed to meet their burden of proof. As the party

6

carrying the burden of proof on the validity of the signature, Plaintiffs must point to actual evidence in the record on which a jury could decide an issue of fact their way. *See Berckeley Inv. Group, Ltd. v. Colkitt,* 455 F.3d 195, 201 (3d Cir. 2006) ("In this respect, summary judgment is essentially 'put up or shut up' time for the non-moving party. . ."). The Pierces needed to produce evidence, in the form of an affidavit or deposition, to establish their contention. The Pierces failed to meet their burden, and that is the end of the dispute.

Second, Plaintiffs contended, at oral argument, that the rejection form was not authenticated as a matter of evidence law. To the contrary, there is sufficient evidence that the rejection form is authentic. Fed. R. Evid. 901(4) provides that "[t]he appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances[]" can "support a finding that the item is what the proponent claims it is." Here the form has Travelers' logo; it is part of the Travelers' policy; it was directed to American Water, the named insured; it directed the named insured to sign and date the form to indicate rejection of UIM coverage; the form was signed and dated; and the Rejection Form is produced as a business record of the defendant. A. 001. I find that the appearance, contents, substance, internal patterns, and other distinctive characteristics of the form, taken together with all the circumstances, support a finding that the item is what the proponent claims it is.

Plaintiffs claim that because the renewal policy did not state that UIM benefits were rejected, the original rejection did not survive. Pl. Br. at 7. Though not elaborated by Plaintiffs, the argument is predicated on two sentences within Section 1731(c.1), italicized below:

7

> **(c.1) Form of waiver.** Insurers shall print the rejection forms required by subsections (b) and (c) on separate sheets in prominent type and location. The forms must be signed by the first named insured and dated to be valid. The signatures on the forms may be witnessed by an insurance agent or broker. *Any rejection form that does not specifically comply with this section is void.* If the insurer fails to produce a valid rejection form, uninsured or underinsured coverage, or both, as the case may be, under that policy shall be equal to the bodily injury liability limits. *On policies in which either uninsured or underinsured coverage has been rejected, the policy renewals must contain notice in prominent type that the policy does not provide protection against damages caused by uninsured or underinsured motorists.* Any person who executes a waiver under subsection (b) or (c) shall be precluded from claiming liability of any person based upon inadequate information.

75 Pa. C.S.A. § 1731 (emphasis supplied).

Plaintiffs argue that because the subsequent renewal policy does not contain "notice in prominent type that the policy does not provide protection against damages caused by uninsured or underinsured motorists[,]" the rejection of UIM coverage was voided. This argument fails. *See Estate of Franks v. Allstate Ins. Co.*, 895 F.Supp. 77, 82 (M.D. Pa. 1995) ("subsection [1731(c)] provides a specific remedy for an invalid rejection form, but does not provide for a remedy for an improper renewal notice[]"); *Maksymiuk v. Maryland Casualty Ins. Co.*, 946 F.Supp. 379, 382 (E.D. Pa. 1996) (following *Franks*); *Salazar v. Allstate Ins. Co.*, 549 Pa. 658, 670 (Pa. 1997) (following *Franks* and *Maksymiuk*); *Travelers Indem. Co. of Illinois v. DiBartolo*, 171 F.3d 168, 174 (3d Cir. 1999) ("Under Pennsylvania law, [plaintiff] has no private remedy if the renewal notices were inadequate[]") (following *Maksymiuk* and *Salazar*); *Allstate Ins. Co. v. DeMichele*, 888 A.2d 834, 839 (Pa. Super. Ct. 2005) (following *Franks, Maksymiuk,* and *Salazar*); and *Keeler v. Esurance Insurance Services, Inc.*, No. 20-cv-271, 2021 WL 3417500

(W.D. Pa. 2021) (following *Franks* and *Maksymiuk*) (*affirmed*, 2022 WL 10319919, at *3 (3d Cir. 2022)).

These cases hold that the Pennsylvania Legislature provided a remedy voiding the rejection of UIM coverage if the rejection form did not comply with the format required in section 1731(c.1) (the first italicized sentence above: "Any rejection form that does not specifically comply with this section is void."). However, the Legislature did not extend the voidability remedy to the second sentence italicized above, that requires notice of the absence of UIM coverage in a renewal form ("the policy renewals must contain notice in prominent type that the policy does not provide protection against damages caused by uninsured or underinsured motorists."). *See, e.g., Keeler*, 2022 WL 10319919, at *3. I am convinced that Plaintiffs' argument to the contrary is mistaken.

Plaintiffs argue that Defendant should be equitably estopped from claiming that the Travelers' Policy does not provide UIM coverage, because a Travelers agent approved settlement of the underlying tort case for the limits of the tortfeasor's liability policy, $50,000, in an email that also stated there was $10,000 in UIM coverage. Pl. Br. at 10. To establish an equitable estoppel claim the Plaintiffs must prove an inducement, such as a misrepresentation; justifiable reliance on that inducement; and a change in Plaintiffs' condition for the worse resulting from the reliance. *Novelty Knitting Mills, Inc. v. Siskind*, 457 A.2d 502, 503–04 (Pa. 1983); *Horn v. Minnesota Life Insurance Company*, No. 17-cv-238, 2019 WL 1791412, at *7 (E.D. Pa. 2019). Here, Plaintiffs do not show justifiable reliance or a change for the worse in their condition. Plaintiffs do not show how the incorrect statement that $10,000 in UIM benefits were available induced Plaintiffs to change their position to their detriment. Nor can I see any sensible way in which that could be so: they had every motive to settle for the $50,000 policy

9

limits from the tortfeasor's liability policy, regardless of whether there was $10,000 in UIM benefits from their own policy. Plaintiffs do not, and cannot credibly, establish the elements of equitable estoppel on these facts.

## CONCLUSION

Without an agreement to provide UIM benefits, there can be no breach of contract. The Travelers' Policy contains no such agreement; therefore, Joseph Pierce's breach of contract claim fails. Because Joseph Pierce's claim fails, Jackalyn Pierce's derivative loss of consortium claim fails as well. There is no genuine issue of material fact and defendants are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). I will enter summary judgment for the defendants.

BY THE COURT:

*s/ Richard A. Lloret*
**HON. RICHARD A. LLORET**
**United States Magistrate Judge**